IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-868-R |
| | ) |
| JIM FARRIS, Warden, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Petitioner filed this action utilizing the form for seeking relief pursuant to 28 U.S.C. § 2241 but challenging his underlying 1983 conviction for first-degree murder. The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.[1] Although this case was referred to United States Magistrate Judge Amana Maxfield Green, the Court hereby withdraws the reference and dismisses the Petition upon screening for lack of jurisdiction.

Petitioner is no stranger to this Court with regard to his efforts to obtain habeas corpus relief, having unsuccessfully sought to challenge this conviction on numerous grounds via multiple habeas filings under § 2241 and § 2254 pursued both in this District

---

[1] The Court may apply "any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 in U.S. Dist. Ct.

and in the Eastern District of Oklahoma. To the extent Petitioner seeks relief under § 2241, this action is inappropriate because he is incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma, which lies in the Eastern District of Oklahoma. A petition pursuant to 28 U.S.C. § 2241 must be filed in the district of confinement so that the Court has jurisdiction over the Petitioner's custodian. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Although the Court could transfer a § 2241 petition filed in the wrong district, the Court declines to transfer the case, because in reality Petitioner is challenging his underlying conviction, which is proper only pursuant to 28 U.S.C. § 2254.[2]

"Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)). Here Petitioner is challenging the jurisdiction of the state court, which is an attack on his conviction and sentence and must be brought under § 2254. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (recognizing that § 2241 is not the proper vehicle to challenge state court jurisdiction over the petitioner for a crime allegedly committed in Indian country). Petitioner, however, is precluded from seeking relief under § 2254, having unsuccessfully made attempts a number of times. He is aware that he must have permission from the United States Court of Appeals for the Tenth Circuit in order to pursue such relief, having been so informed by this Court on multiple occasions

---

[2] The Court notes that Petitioner was convicted in the District Court of Choctaw County which lies within the boundaries of the Eastern District of Oklahoma, and therefore, pursuant to 28 U.S.C. § 2241(d), this action should have been filed in that District. The Court therefore lacks jurisdiction over the Petition for this reason as well. *See Clark v. Oklahoma*, 789 F. App'x 680, 683 (10th Cir. Oct. 7, 2019). Furthermore, the Court declines to transfer this petition in light of the successive nature of the petition. *See* 28 U.S.C. § 1631.

and the Tenth Circuit having imposed limitations on his filing. *See* 28 U.S.C. § 1631, *In re White*, No. 20-7068 (10th Cir Dec. 2, 2020), *In re White*, No. 21-7040 (10th Cir. Aug. 6, 2021)(dismissing motion for authorization transferred from the Eleventh Circuit pursuant to No. 20-7068). Petitioner, however, has been granted no such permission, and therefore, the Court dismisses this Petition for lack of jurisdiction as successive.[3]

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a Certificate of Appealability. *Id.* at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 3rd day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] In light of Petitioner's multiple prior attempts at seeking habeas relief the Court declines to transfer this case to the Tenth Circuit for consideration of whether he may file a successive petition.